516 A.2d 417

Commonwealth of Pennsylvania *v.* Cherry Ridge Flying Service, Inc., Appellant.

Argued September 9, 1986, before Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Joseph J. Musto, Griffith, Aponick & Musto,* for appellant.

*Robert P. Coyne,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for appellee.

OPINION BY JUDGE CRAIG, October 20, 1986:

The Cherry Ridge Flying Service, Inc. (Cherry Ridge) appeals from an order of the Board of Finance and Revenue sustaining a sales and use tax assessment. We affirm in part and reverse in part.

Cherry Ridge is a Pennsylvania corporation which sells and leases new and used aircraft, operates airport facilities, and offers flight instruction and charter flight services. The Department of Revenue audited Cherry Ridge for the period of June 30, 1970 to March 31, 1973

and assessed sales and use taxes. The sales tax assessment is based on Cherry Ridge's purchase and resale of three used airplanes. The use tax assessment is based on Cherry Ridge's use of three other airplanes and one helicopter which it purchased for resale but had put to taxable use before resale.

Cherry Ridge raises two contentions: (1) that the department erred in its sales tax assessment on the sale of three used aircraft because it had acted as a broker rather than a vendor and is therefore not responsible for collecting the sales tax; and (2) that the use tax assessment on the four other aircraft is invalid because of an absence of statutory authority to assess aircraft transactions as the department has done.

### Sales Tax

Section 202(a) of the Tax Reform Code of 1971, 72 P.S. §7202(a), imposes a 6% sales tax to be "collected by the vendor from the purchaser," and paid over to the Commonwealth.

Section 201(p) of the Code, 72 P.S. §7201(p), defines a "vendor" as:

Any person maintaining a place of business in this Commonwealth, selling or leasing tangible personal property, or rendering services, the sale or use of which is subject to the tax imposed by this article . . .

Cherry Ridge contends that the department improperly assessed a sales tax on the sale of three used aircraft because Cherry Ridge acted as a broker and not as a vendor of the aircraft as defined in section 201(p).

The record states that Cherry Ridge purchased each of the aircraft with its own funds for particular buyers. It sold each of the planes at a markup. However, it did not register or insure the planes.

In *Williams & Co. v. Pittsburgh School District*, 430 Pa. 509, 244 A.2d 37 (1968), a metal distributor claimed

an exemption from a mercantile tax because the alleged-
ly taxable sales were "brokerage transactions." The court
stated that "[a] broker is one whose business it is to
bring buyer and seller together. *Keys v. Johnson*, 68 Pa.
42 (1871). He is a person who negotiates a contract of
sale *between* merchants who are parties to the transac-
tion. . . ." (emphasis in original). *Williams* & *Co.*, 430
Pa. at 511-12, 244 A.2d at 38. The court concluded that
the metal distributor was a vendor in the transaction in
question because it had purchased goods on its own ac-
count and sold them to customers on its own terms. As
such, the distributor became more than a negotiator be-
tween two merchants; it was a vendee with regard to
the supplier and a vendor with regard to the customers.
*Id*. at 512, 244 A.2d at 38. *Williams* & *Co.*, supplies
analogous guidance here, with respect to the meaning of
"broker" and "vendor."

Cherry Ridge, like Williams & Co., played a greater
role than that of a mere negotiator between buyers and
sellers of aircraft. It purchased the aircraft on its own
account and sold the planes to customers at a markup.
We conclude that Cherry Ridge acted as a vendor as
defined by section 201(p) of the Code in the three air-
craft sales.

Cherry Ridge's further contention—that the sales in
question are exempt under section 204(1) of the Code[1]

---

[1] Section 204(1) of the Tax Reform Code of 1971, 72 P.S.
§7204(1), provides:

The tax imposed by section 202 shall not be imposed upon
(1) The sale at retail or use of tangible personal property
(other than motor vehicles, trailers, semi-trailers, motor
boats, *aircraft* or other similar tangible personal property
required under either Federal law or laws of this Com-
monwealth to be registered or licensed) or services sold
by or purchased from a person not a vendor in an isolated
transaction or sold by or purchased from a person who is a
vendor but is not a vendor with respect to the tangible

which exempts isolated transactions—is without merit because that section specifically excludes sales of aircraft from its scope.

Because Cherry Ridge acted as a vendor with regard to the sales of the three aircraft and the exemption claimed does not apply to this case, we affirm the board's order sustaining the sales tax assessment.

## *Use Tax*

Section 202(b) of the Code, 72 P.S. §7202(b), imposes a use tax on the "use" of tangible personal property, including aircraft.[2] "Use" is defined as:

> The exercise of any right or power incidental to the ownership, custody or possession of tangible personal property and shall include, but not be limited to transportation, storage or consumption.

72 P.S. §7201(o)(1).

---

> personal property or services sold or purchased in such transaction. . . . (Emphasis added.)

[2] Section 202(b) of the Tax Reform Code of 1971, 72 P.S. §7202(b), provides:

> (b) There is hereby imposed upon the use, on and after the effective date of this article, within this Commonwealth of tangible personal property purchased at retail on or after the effective date of this article, and on those services described herein purchased at retail on and after the effective date of this article, a tax of six percent of the purchase price, which tax shall be paid to the Commonwealth by the person who makes such use as herein provided, except that such tax shall not be paid to the Commonwealth by such person where he has paid the tax imposed by subsection (a) of this section or has paid the tax imposed by this subsection (b) to the vendor with respect to such use. The tax at the rate of six percent imposed by this subsection shall not be deemed applicable where the tax has been incurred under the provision of the 'Tax Act of 1963 for Education.'

The department assessed Cherry Ridge for use tax based on the use of three airplanes and one helicopter. The aircraft were exempt from sales tax when purchased because Cherry Ridge purchased them for resale. Once purchased, however, Cherry Ridge put each of the aircraft to taxable uses.[3] The department assessed a 6% use tax on the purchase price of the airplanes under regulation 100, 61 Pa. Code §§31.1-31.3, and also assessed a 6% use tax on 50% of the fair rental value of the helicopter for the periods in which it was put to taxable use, pursuant to revenue ruling 207,[4] *as revised* September 9, 1972.

Cherry Ridge argues that the use tax assessment lacks statutory authority because the assessments were made under section 205 of the Code, 72 P.S. §7205(a),[5]

---

[3] The airplanes were used exclusively for flight instruction and the helicopter was used for flight instruction and chartered flights.

[4] Revenue Ruling 207 provides, in pertinent part:

In those instances where aircraft purchases are made for exempt use and later periodically put to a taxable use, a use tax shall be due based upon 50% of the fair rental value for such period of taxable use. . . .

[5] Section 205, as originally adopted in 1971, provides:

**Alternate imposition of tax; credits.**

If any person actively and principally engaged in the business of selling new or used motor vehicles, trailers or semi-trailers, and registered with the department in the 'dealer's class,' acquires a motor vehicle, trailer or semi-trailer for the purpose of resale, and prior to such resale, uses the motor vehicle, trailer or semi-trailer for a taxable use under this act during a period not exceeding one year from the date of acquisition to the date of resale, such person may, upon notice to the department within ten days of the commencement of such use, elect to pay a tax equal to six percent of the fair rental value of the motor vehicle, trailer or semi-trailer during such use. Should such motor vehicle, trailer or semi-trailer be used for a taxable use after a period of one year, the taxpayer shall be liable for a tax on the fair market value of such motor vehi-

which concerns new and used motor vehicle sales. After the contested assessment, the legislature amended section 205 to create section 205(b),[6] which directly addresses commercial aircraft operators. Cherry Ridge argues that the legislature's explicit addition of a subsection embracing commercial aircraft operators in 1978 provides evidence that the earlier version of the section, applicable here, applied only to the expressly named motor vehicle sales and not to aircraft sales. *See Masland v. Bachman,* 473 Pa. 280, 289, 374 A.2d 517, 521-22 (1977).

Cherry Ridge's statutory argument as to the three airplanes is without merit because the basis for that assessment was not section 205. The department's determination of Cherry Ridge's use tax liability, by taking 6% of *the purchase price* of the three airplanes, necessarily rested upon section 202(b) of the Code, which imposes use tax generally on all tangible personal property purchased at retail, subject to the exceptions in section 202(a) and 204. When Cherry Ridge retained the three airplanes for taxable uses, instead of reselling them, its purchase of the aircraft became a sale at retail as de-

---

cle, trailer or semi-trailer at the time of acquisition, but shall be allowed a credit equal to the tax paid pursuant to the election provided for in this section. This section shall not apply to the use of a vehicle as a wrecker, parts truck, delivery truck or courtesy car.

[6] The 1978 amendment to section 205 provides:
(b) A commercial aircraft operator who acquires an aircraft for the purpose of resale, or lease, or is entitled to claim another valid exemption at the time of purchase, and subsequent to such purchase, periodically uses the same aircraft for a taxable use under this act, may elect to pay a tax equal to six percent of the fair rental value of the aircraft during such use.

fined by section 201(k).[7] Because Cherry Ridge did not pay a sales tax on the aircraft, it became liable for the use tax imposed under section 202(b).

On the other hand, section 205 offers a limited alternative to the use tax otherwise imposed under section 202(b) in the special case of motor vehicles. It taxes according to the fair *rental* value of a motor vehicle purchased for resale and subsequently put to taxable use by the dealer if such use does not exceed one year. Cherry Ridge is correct in its argument that the 1978 amendment to section 205 indicated that commercial aircraft operators had not been included in the scope of the original statute. This argument is relevant to the use tax assessment on the helicopter. The department assessed against Cherry Ridge a use tax based on 6% of 50% of *the rental value* of the helicopter pursuant to revenue ruling 207.[8]

Because ruling 207 is based on the alternate tax imposition offered by section 205, that ruling, as applied to the taxpayer in the 1973 assessment, is without statutory authority. Consequently, the court must reverse the department's use tax assessment on the helicopter. We do not conclude, however, that Cherry Ridge could not have been found liable for use taxes assessed on some other statutory authority.

---

[7] Section 201(k) defines "sale at retail" as:

(1) Any transfer, for a consideration, of the ownership, custody or possession of tangible personal property, including the grant of a license to use or consume whether such transfer be absolute or conditional and by whatsoever means the same shall have been effected. . . .

The term 'sale at retail' shall not include (i) any such transfer of tangible personal property or rendition of services for the purpose of resale. . . .

[8] See text of ruling 207 at footnote 3.

The board's order is affirmed as to the sales tax assessment and the use tax assessment on Cherry Ridge's three airplanes. The board's order is reversed as to the use tax assessed on the helicopter.

## ORDER

Now, October 20, 1986, the order of the Board of Finance and Revenue, Docket No. RST-462, dated December 18, 1974, is affirmed as to the sales tax assessment and as to the use tax assessment on the use of three fixed wing aircraft. The order is reversed as to the use tax assessment on the use of the helicopter.

If no exceptions are filed within 30 days of the filing of this order, the Chief Clerk of the Commonwealth Court is directed to enter judgment in the above-captioned matter.